# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO AGUILAR,<br><br>  Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:17-cv-01482-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1383(d)(2)(B)<br><br>(ECF No. 21) |

Petitioner Brian Shapiro ("Counsel"), attorney for Antonio Aguilar ("Plaintiff"), filed the instant motion for attorney fees on November 5, 2019. Counsel requests fees in the net amount of $7,000.00 pursuant to 42 U.S.C. § 1383(d)(2)(B). Plaintiff was served with the motion and advised that any opposition to the motion was to be filed within fourteen days. Plaintiff did not file a timely opposition to the request. (ECF No. 21 at 2, 11.[1]) On November 19, 2019 the Commissioner of Social Security filed a non-party response to the motion for attorney fees in a role resembling that of trustee for Plaintiff. For the following reasons, Petitioner's motion for attorney fees shall be granted.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of social security benefits on November 2, 2017. (ECF No. 1.) On August 22, 2018, an order issued granting the parties'

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  stipulation for voluntary remand. (ECF No. 18.) The Court entered judgment in Plaintiff's favor and the action was remanded. (Id.)

On remand, the ALJ found that Plaintiff was disabled as of December 10, 2013, and past benefits were awarded in the amount of $43,141.20.[2] (ECF No. 21-2 at 6; ECF No. 21-3.) Petitioner has previously received payment of $2,750.00 in fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 20.) In the instant motion, Petitioner seeks an additional $7,000.00 for a gross award of $9,750.00 for work performed in this action.

## II.

## LEGAL STANDARD

An attorney may seek an award of attorney fees for representing a Social Security claimant who is awarded benefits under Title XVI pursuant to 42 U.S.C. § 1383. In relevant part, section 1383 provides:

> [I]f the claimant is determined to be entitled to past-due benefits under this subchapter and the person representing the claimant is an attorney, the Commissioner of Social Security shall pay out of such past-due benefits to such attorney an amount equal to the lesser of--
>
> (i) so much of the maximum fee as does not exceed 25 percent of such past-due benefits (as determined before any applicable reduction under subsection (g) and reduced by the amount of any reduction in benefits under this subchapter or subchapter II pursuant to section 1320a-6(a) of this title . . . .

42 U.S.C. § 1383(d)(2)(B). Additionally, with exceptions not relevant here, "[t]he provisions of section 406 of [Title 42] shall apply to this part to the same extent as they apply in the case of subchapter II. . . ." 42 U.S.C. § 1383(d)(1). Therefore, the Court addresses Petitioner's fee request as if it were a request brought under section 406(b).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v.

---

[2] The award letter does not state the amount of back benefits awarded but provides a monthly amount that was awarded from January 2014 through June 2019. Petitioner states that the grant entitled Plaintiff to receive approximately $47,091.68 in retroactive benefits. (ECF No. 21 at 3.) However, the letter itself only provides for retroactive benefits of $43,141.20. (See ECF No. 21-3.) Petitioner provides no explanation as to why the amount awarded would be more than that set forth in the notice of payments. Therefore, the Court finds that the retroactive award was in the amount of $43,141.20.

2

Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

### III.

### DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the fee agreement between Plaintiff and Petitioner provides for a fee of "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court" if judicial review is

required." (Social Security Representation Agreement, ECF No. 21-1.) Plaintiff has been awarded benefits from January 2014 through June 2019 in the amount of $43,141.20. (ECF No. 21-3 at 2-3.) In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. Although this action does involve six years of backpay, there is no indication that Counsel was responsible for any substantial delay in the court proceedings. In fact, the parties voluntarily agreed to remand the action for further proceedings. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking payment of $7,000.00. Considering the prior award of $2,750.00 the total amount sought by Petitioner is $9,750.00, which is 22.6 percent of the backpay award.[3] The $9,750.00 fee is not excessively large in relation to the past-due award of $43,141.20. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner submits a log of the time spent in prosecuting this action. (ECF No. 21-4.) The log demonstrates that Petitioner spent 13.7 hours and a paralegal spent 3.4 hours in prosecuting this action. (Id.) When considering the total amount requested by Petitioner, the fee request translates to $570.18 per hour for the firm's services in this action. In Crawford the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion).

Further, since Gisbrecht, courts note that reducing a fee request is dicey business and find fee awards much higher than this to be reasonable. Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an hourly rate of $1,553.36 per hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under

---

[3] Petitioner states that he is seeking 20% of the past due benefits, but this is based on an amount of $47,091.68, not the actual amount awarded.

4

the circumstances); Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.")

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner performed in representing Plaintiff in court. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately benefits were awarded. Counsel also submitted a detailed billing statement which supports the request.

The award of fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner has previously been awarded $2,750.00 in EAJA fees and the award of fees must be offset in that amount.

## VI.
## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 1383(d)(2)(B) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of net attorney fees pursuant to Section 1383(d)(2)(B) in the amount of $7,000.00 is GRANTED;

2. Pursuant to counsel's request, this amount shall be paid directly to Brian C. Shapiro.

IT IS SO ORDERED.

Dated: **November 20, 2019**

UNITED STATES MAGISTRATE JUDGE

5